UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRIS RICHARDSON (#578720)                         CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                               NO. 15-0856-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 25, 2017.

                                              ERIN WILDER-DOOMES
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRIS RICHARDSON (#578720)**                           **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**                                 **NO. 15-0856-SDD-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed a response in opposition to Petitioner's application. There is no need for oral argument or for an evidentiary hearing.

*Pro se* Petitioner, Chris Richardson, challenges his 2010 conviction and life sentence entered in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, on one count of aggravated rape. Petitioner contends before this Court that he was provided with ineffective assistance of counsel at trial and on appeal.

A review of the record reflects that Petitioner was charged by grand jury indictment with one count of indecent behavior with a juvenile and one count of aggravated rape. Upon conclusion of a bench trial conducted in October, 2010, Petitioner was found guilty of aggravated rape. After the denial of post-trial motions, Petitioner was sentenced on December 13, 2010 to life imprisonment, without the benefit of probation, parole or suspension of sentence. Through counsel, Petitioner filed an appeal before the Louisiana Court of Appeal for the First Circuit, asserting as error that (1) the trial court erred in allowing him access to only one page of the victim's medical record with Dr. Adrienne Atzemis, formerly of Children's Hospital in New Orleans, Covington and Baton Rouge, (2) the evidence was insufficient to prove the elements of

the offense, (3) his waiver of the right to a jury trial was not intelligently made, and (4) his right to a public trial was violated. On February 13, 2012, the intermediate state appellate court affirmed the conviction and sentence. *State v. Richardson*, 90 So.3d 556, 2012 WL 440410 (La. App. 1st Cir. 2012). Petitioner's subsequent writ application before the Louisiana Supreme Court was denied, without comment, on September 12, 2012. *State v. Richardson*, 98 So.3d 818 (La. 2012). Upon the passage of the 90-day period allowed for Petitioner to seek further review before the United States Supreme Court, which he did not do, Petitioner's conviction and sentence became final on or about December 11, 2012.

Over eight months after the finality of his conviction and sentence, on or about August 29, 2013,[1] Petitioner filed an application for post-conviction relief ("PCR") in the state trial court, asserting that he was provided with ineffective assistance of counsel at trial and on appeal when his trial attorney failed to conduct an investigation into photographic evidence that should have been excluded as inadmissible and failed to call witnesses at trial, and when his appellate attorney failed to obtain a copy of the trial transcript. Petitioner's application was denied without a hearing in the state trial court on September 30, 2013, and Petitioner's subsequent applications for further review before the state appellate courts were denied, with the First Circuit appellate court

---

1  Although Petitioner's application for post-conviction relief was docketed as filed in the state trial court on September 4, 2013, the United States Court of Appeals for the Fifth Circuit has instructed that federal habeas courts within the State of Louisiana should apply Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings. Accordingly, pleadings submitted by a habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for filing, not on the date that the pleadings are ultimately docketed by the receiving court. *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012). Thus, inasmuch as Petitioner apparently signed his state court application on August 29, 2013, and presumably gave it to prison officials for filing on that date, the Court will utilize that date as the presumptive date of filing.

denying review on March 14, 2014, and with the Louisiana Supreme Court denying review, without comment, on December 8, 2014.  *See State ex rel. Richardson v. State*, 153 So.3d 436 (La. 2014).[2]

Almost a year later, on or about November 24, 2015, Petitioner forwarded a federal application for habeas corpus relief to the United States District Court for the Eastern District of Louisiana.  That Court, however, advised Petitioner by letter dated November 30, 2015 that his application had apparently been forwarded to the wrong Court, *see* R. Doc. 1-1 at p. 2, and Petitioner re-filed a habeas application before this Court on or about December 22, 2015.

Based on the foregoing, the Court finds that Petitioner's application is untimely.[3]  In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to

---

2    The attorney for the State has not submitted copies of Petitioner's writ applications and memoranda filed in the state appellate courts as directed by this Court in its Order of April 1, 2016. *See* R. Doc. 5.  Notwithstanding, the Court has determined that the filing and review of these materials do not appear to be essential to a resolution of this proceeding.

3    Although the State, in its response to Petitioner's application, states that Petitioner's application "appears to be timely," *see* R. Doc. 9 at p. 4, this conclusion is based upon an erroneous calculation of the applicable limitations period.  Specifically, the State failed to recognize that Petitioner's conviction became final in December 2012, upon the denial of review in connection with his direct appeal.  Instead, the State erroneously concluded that the conviction became final in March, 2015, upon the conclusion of Petitioner's PCR proceedings.  As a result, the State failed to take into account the eight-month period that elapsed between the finality of Petitioner's conviction and the filing of his state court PCR application and failed to take into account the entirety of the twelve-month period after the finality of Petitioner's PCR proceedings before he filed a federal habeas application in this Court.  The Court does not interpret the State's error in calculating the limitations period to be a conscious waiver of the untimeliness issue in this case.  Further, in the absence of a waiver, this Court is entitled to raise the limitations issue *sua sponte,* provided that notice and an opportunity to respond is afforded to Petitioner.  *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  The Court hereby advises Petitioner that this Report constitutes notice that the Court is *sua sponte* raising the issue of timeliness, and the Court further advises Petitioner that, in accordance with 28 U.S.C. § 636(b)(1), he has a period of fourteen (14) days from the date of service of this Report to file written objections to the proposed findings of fact and conclusions of law herein, and he may submit any evidence or argument he may have concerning the timeliness issue in connection with such written objections.

federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are not any post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. *Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir. 1998). *See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and procedural rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a state application is "pending" both while it is before a state court for review and also during the interval of time after a state court's disposition while Petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, Petitioner's conviction became final on or about December 11, 2012, ninety (90) days after denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (recognizing that the period of time allowed for a petitioner to proceed in the United States Supreme Court is included in calculating the finality of a conviction). The one-year time clock then began to run on that date, and it appears that Petitioner allowed two hundred sixty-one (261) days of un-tolled time to elapse prior to filing his PCR application in the state district court on or

about August 29, 2013. It further appears that, upon completion of proceedings in connection with Petitioner's PCR application, through denial of Petitioner's request for supervisory review in the Louisiana Supreme Court on December 8, 2014, Petitioner then allowed an additional three hundred seventy-nine (379) days of un-tolled time to elapse prior to his submission of a federal habeas corpus application to this Court on or about December 22, 2015.[4] Adding this number to the days that elapsed before Petitioner commenced PCR proceedings, it appears that prior to commencement and after completion of the petitioner's PCR proceedings, a total of approximately six hundred forty (640) days, well over a year, elapsed during which Petitioner did not have pending any properly filed applications for post-conviction or other collateral relief before the state courts. Accordingly, Petitioner's application in this Court is untimely.

Having found that Petitioner's application is untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

---

4   As noted above, Petitioner filed an initial federal habeas application in the United States District Court for the Eastern District of Louisiana in November, 2015. That application would not be seen to interrupt the running of the limitations period, however, because it was filed in a court that lacked jurisdiction to address Petitioner's claims. Specifically, pursuant to 28 U.S.C. § 2241(d), a federal habeas application must be filed either in the federal district where Petitioner was convicted or in the district in which he is confined, neither of which is applicable in the Eastern District of Louisiana. Notwithstanding, even were the Court to consider that application in calculating the timeliness of Petitioner's application, it would be to no avail because the limitations period had already elapsed by the time Petitioner filed that initial application.

Petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that Petitioner is entitled to statutory tolling under this section.

Nor is there any apparent basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 4008, 418 (2005). Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and also after the denial thereof by the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible

diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id*. at 649-50.

In the instant case, as noted above, Petitioner delayed more than eight months after his conviction became final before he filed an application for post-conviction relief in the state district court in August, 2013. He then waited more than eleven months after the completion of post-conviction review proceedings before he filed a federal habeas corpus application in the Eastern District Court and thereafter in this Court. Petitioner's ignorance or mistake in calculating the filing deadlines does not warrant the application of equitable tolling. Moreover, Petitioner has not shown that he has acted diligently in pursuing his post-conviction relief proceedings. *See, e.g., Pace v. DeGuglielmo, supra*, 544 U.S. at 419 (2005) (diligence not shown where the petitioner waited five months after the finality of state post-conviction relief proceedings to file a federal petition); *Baker v. Cain*, 2008 WL 3243993, *3 (5th Cir. 2008) (diligence not shown where the petitioner "waited approximately four months to file a federal petition after the Louisiana Supreme Court denied relief"); *Kelly v. Quarterman*, 260 Fed. Appx. 629 (5th Cir. 2007) (same, with four-month delay); *Melancon v Kaylo*, *supra*, 259 F.3d at 408 (same, with four-month delay). Accordingly, Petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.[5]

---

5    The Court recognizes that in certain rare instances, a petitioner may seek to avoid the effect of untimeliness by establishing that he is in fact innocent of the charged offenses. Specifically, in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), the United States Supreme Court concluded that actual innocence, if proven, may serve as a gateway through which a petitioner may pass to avoid a procedural impediment such as the statute of limitations. The Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 1928, *citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

RECOMMENDATION

It is recommended that Petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that in the event that Petitioner seeks to pursue

---

allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schlup v. Delo, supra*, 513 U.S. at 324. In the instant case, Petitioner has presented no new evidence sufficient to support a claim of actual innocence, and he has therefore failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar. Accordingly, Petitioner's application should be dismissed as untimely.

an appeal, a certificate of appealability be denied.

      Signed in Baton Rouge, Louisiana, on May 25, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**